IN THE MATTER OF THE FEES RECEIVED BY THE CLERK OF THE CITY COURT OF BROOKLYN.

*Clerk of the City Court of Brooklyn must pay over all fees and fines into the county treasury — Code of Civil Procedure, secs. 310, 3284.*

Under sections 310 and 3284 of the Code of Civil Procedure the clerk of the City Court of Brooklyn is not entitled to retain to his own use any of the fees received by or the fines paid to him, but must account therefor and pay the same into the county treasury.

SUBMISSION of a controversy upon an agreed statement of facts made in pursuance of section 1279, etc., of the Code of Civil Procedure.

The question submitted was the following: Is the clerk of the City Court of Brooklyn under existing laws entitled to have and retain in his own right the fees received by him in his official capacity since the 1st day of September, 1880, when section 3284 of the new Code went into effect, in addition to his salary, or should he pay the same into the treasury of the county of Kings?

*Winchester Britton,* for the Supervisors of Kings county.

*George W. Knaebel,* clerk of the City Court, in person.

GILBERT, J.:

The language of section 310 of the Code of Civil Procedure, taken by itself no doubt, would have the effect to increase the com-

pensation of the clerk of the City Court by the addition of the fees of his office to the salary fixed by the supervisors of Kings county. But section 7 of the act of March 24, 1849 (chap. 125), establishing that court, as amended by section 3 of chapter 66 of the Laws of 1863, remained in force until September 1, 1877, when it was repealed. (Laws 1877, chap. 417.) The act of 1849, as amended, provided that the clerk should receive the same fees for his services as are provided for similar services by the county clerk, but required him to pay such fees and all fines to the county treasurer. The language of section 310 in respect to fees of the clerk is in legal effect the same as that of the last named act, excepting the omission of the requirement that he pay the same to the county treasurer. The fact that that requirement was preserved until the repeal of section 7 of the act of 1849, as amended in 1863, in September, 1877, is evidence of the legislative intent that section 310 should not operate to vest in the clerk a right to retain the fees of his office for his personal emolument. The supplemental act which contains section 3284 of the Code of Civil Procedure, was not passed until May 6, 1880, and that section did not take effect until September first of that year. (Code Civil Pro., § 3356.) From September 1, 1877, to September 1, 1880, therefore, there was no law requiring the clerk to pay the fees of his office to the county treasurer. On the latter day, however, the provision of section 7 of the act of 1849, as amended in 1863, was substantially restored. The clerk was then required by said section 3284 to account for all fines paid to him, and all fees received by him for his official services and pay the same into the treasury of the county of Kings as prescribed by law. We ought perhaps to take notice of the history of the legislation in respect to the Code of Civil Procedure referred to. That would show that the supplemental act of 1880 was reported to the legislature in 1877 and that that act and the repealing act of 1877 were intended by the framers thereof to take effect at the same time. But irrespective of any inference of the legislative intent drawn from that source, the language of section 3284 plainly deprives the clerk of the right apparently given him by section 310, to retain the fees of his office. For the purpose of determining the effect of those two sections with respect to

each other, they are to be deemed to have been enacted simultaneously. (Code Civil Pro., § 3355.)  Bringing the two sections together, the meaning of the enactment is perfectly plain.  The clerk is entitled to receive the fees, but he must pay them over. From the establishment of the City Court by the act of 1849 until the present time, the only authority conferred upon the clerk to receive fees for his services was given by statutes similar to that contained in said section 310, and during no part of that period, unless that before mentioned should be excepted, has there been a plausible ground for a claim on his part to retain such fees.  The only purpose of the legislation upon the subject was to create an authority for exacting fees, which without it would not have existed, to replenish the public treasury and to impose upon suitors a part at least of the expenses of the court.  None of it had reference to the compensation of the clerk.  That was provided for by the act establishing the court (Laws 1849, chap. 125, § 25), which gave him an annual salary, and that mode of compensation was continued by all succeeding acts.  (Laws 1850, chap. 102, § 10; Laws 1863, chap. 66, § 4; Laws 1870, chap. 470, § 20, as amended by § 7 of chap. 282 of the Laws of 1871.)  The last named section was not repealed by the repealing act (Laws 1877, chap. 417, § 44), nor did his right to retain the fees of his office during the period referred to, if such right existed, accrue by force of section 310 alone, but by allowing that section to remain unchanged after the repeal of section 7 of the act of 1849, as amended by the act of 1863, chapter 66.  It is reasonable to presume that such a consequence was not foreseen, and that the object of the provision contained in section 3284 was to restore the law as it existed before that consequence had happened. However that may be, it is enough that the language of said section 3284 is free from ambiguity and imperative.

There is, we think, little force in the argument that because section 3284 requires the clerk to account for and pay over his fees *as prescribed by law*, and there is no statute prescribing the time and mode of doing those acts, he is not required to do them at all. That requirement is a mere incident of the duty of accounting and paying over.  It relates only to the time and manner of performing the duty.  If there is no statute regulating those acts, the courts

may enforce the performance of them in a proper mode, and thus prescribe by law how that shall be done.

There must be judgment for the county of Kings.

BARNARD, P. J., and DYKMAN, J., concurred.

The clerk of the City Court of Brooklyn is not entitled to the fees, but must receive and pay them over.